# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Israel Jimenez, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 C 10278 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| Khris Kachiroubas, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Israel Jimenez has brought this *pro se* civil rights action under 42 U.S.C. § 1983, claiming that he was subjected to deliberate indifference to a serious medical condition while he was detained at the DuPage County Jail. The Court's rule to show cause [26] is discharged as Plaintiff has provided the Court with an updated address. This matter is now before the Court on Defendant G.C. Guzman's motion to dismiss Plaintiff's complaint [20]. For the following reasons, the motion is denied.

## Background

Plaintiff's allegations that are relevant to this motion are as follows. Plaintiff alleges that he got into a physical altercation with another detainee on December 17, 2012, during which he injured his left hand. After the fight, he was placed in segregation for eight days. Plaintiff alleges that on December 19, 2012, while in segregation, he asked a correctional officer to get medical attention for his hand. Plaintiff alleges that a nurse came to look at his hand, but declined to treat him, stating that it was late in the day and time for the nurse to go home. Plaintiff alleges that he spent the eight days in segregation without receiving any other medical attention for his hand.

Plaintiff alleges that after he left segregation, he repeatedly requested medical attention, letting doctors and staff know that his hand was in extreme pain, swollen, and that its mobility was limited. He alleges, though, that he was "not seen right away".

According to Plaintiff, he finally got a sick call with the Defendant, and Defendant told him his hand "was fine". He alleges that he saw Defendant on multiple more occasions, told Defendant that he was in pain, could not dress or undress himself, and that even eating and showering were becoming problematic. He alleges that Defendant consistently told him his hand was okay, and sent him back to his cell.

Plaintiff alleges that Defendant finally agreed to order Plaintiff an X-ray of his hand. Plaintiff alleges that Defendant would not allow Plaintiff to see the results of the X-rays, which it turned out had been done incorrectly. Plaintiff alleges that finally his hand was re- X-rayed, and the films showed that his left pinky finger was broken.

He alleges that in February of 2013 he received surgery to attempt to repair the broken finger. Plaintiff alleges, however, that his pinky is still deformed and partially numb, which Plaintiff attributes to the alleged delay in diagnosis and treatment.

On May 1, 2015, this Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found that Plaintiff could proceed on a claim against Defendant for deliberate indifference to his medical needs. All other Defendants originally named in the complaint were dismissed.

Before the Court is the Defendant's motion to dismiss Plaintiff's complaint. Plaintiff did not file a response to the motion.

## Analysis

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule

8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

### A.  Exhaustion of Administrative Remedies

Defendant first argues that Plaintiff's complaint should be dismissed because Plaintiff failed to plead that he exhausted his administrative remedies. Defendant contends that dismissal is warranted because Plaintiff did not plead that he filed any grievances within the Jail about his medical care, let alone plead that he completed the Jail's grievance process.

Plaintiff's failure to plead that he exhausted his administrative remedies is not a basis to dismiss his complaint. It is true that the Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Booth v. Churner*, 531 U.S. 956 (2001); *Massey v. Wheeler* , 221 F.3d 1030, 1034 (7th Cir. 2000). But it is well settled that a plaintiff need not plead exhaustion in his complaint. *Jones v. Bock,* 549 U.S. 199 (2007);

*Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). Rather, the failure to exhaust is an affirmative defense, and it is therefore the defendant's burden to plead and prove exhaustion. *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002). Dismissal at the pleadings stage for failure to exhaust is appropriate only if it is clear from the face of the complaint that a plaintiff could not possibly have exhausted; for example, if insufficient time for completion of the grievance process has elapsed between the events in question and the filing of suit. *See Massey,* 221 F.3d at 1034; *Mlaska v. Shah,* 428 F.App'x 642, 644 (7th Cir. 2011) (citing *Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004).

Plaintiff's complaint contains no allegations suggesting that exhaustion was impossible. Dismissal for failure to exhaust administrative remedies is therefore not appropriate.

**B.     Statute of Limitations**

Defendant next argues that Plaintiff's complaint should be dismissed as time barred under the applicable statute of limitations. The statute of limitations for claims under § 1983 is drawn from "the personal injury laws of the state where the injury occurred." *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). In Illinois, that period is two-years. 735 ILCS 5/13-202; *see also Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 768 (7th Cir. 2013) ("[W]e reiterate our holding that the limitations period applicable to all § 1983 claims brought in Illinois is two years[.]"). Violation of the statute of limitations is an affirmative defense, and thus may be the grounds for a preliminary dismissal of a claim only if it is plain from the face of the complaint that the claim is untimely. *See Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2005). Defendant contends that this lawsuit is untimely on the face of the complaint because Plaintiff filed suit on December 19, 2014, which is more than two years after December 17, 2012, the date that Plaintiff allegedly sustained his injury.

Defendant's argument fails because he is incorrect that Plaintiff's claim accrued on the date of his injury. Instead, as the Seventh Circuit has explained, the earliest Plaintiff's claim could have conceivably accrued was when Defendant first learned of Plaintiff's injury but denied him treatment:

> [a lawsuit] for redress of the deliberate indifference of the defendants . . . could not be thought to begin until [defendants] learned [plaintiff] had a condition warranting medical attention yet unreasonably refused to provide that attention. Until then, the defendants had not violated [plaintiff's] rights, and so his claim had not accrued.

*Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). According to the complaint, Plaintiff did not see Defendant for the first time until sometime after Plaintiff had served eight days in segregation following the December 17, 2012 incident, so at the earliest on December 25, 2012. Plaintiff filed his complaint within two years of that date.

Additionally, Plaintiff's claim is in the nature of a continuing violation, which means that in all likelihood the statute of limitations on his claim did not accrue until he had surgery to repair his finger in February 2013. As the Seventh Circuit has explained, deliberate indifference to a prisoner's serious medical needs is in typical circumstances a continuing violation, and thus an Eighth Amendment claim based thereupon can accrue for as long as a defendant knows about a prisoner's serious medical condition, has the power to provide treatment, and yet withholds treatment. *Heard,* 253 F.3d at 318–20 ("[e]very day that [a defendant] prolong[s] [a prisoner's] agony by not treating his painful condition mark[s] a fresh infliction of punishment that cause[s] the statute of limitations to start running anew."). Plaintiff alleges a continuing violation here: he alleges that Defendant's treatment following his injury was inadequate, that he continued to experience pain and thus made repeated complaints requesting care, but was turned away and/or denied appropriate treatment for months until his hand surgery.

For all these reasons, Plaintiff's claim is not time barred on its face.

### C. Plausibility of Deliberate Indifference Claim

Defendant next argues that Plaintiff failed to plead a plausible claim of deliberate indifference to his medical needs. The Fourteenth Amendment prohibits "deliberate indifference to the serious medical needs of pretrial detainees." *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). When a jail official acts with deliberate indifference to an inmate's serious medical need, Section 1983 enables the inmate to bring a civil lawsuit against the official in his or her individual capacity. *See Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 775 (7th Cir. 2014). To establish a claim of deliberate indifference, an inmate must allege facts showing that (1) he or she suffered from an objectively serious medical condition, and (2) jail personnel acted with deliberate indifference to that condition. *See Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014).

Defendant first asserts that Plaintiff's broken finger is not a serious medical condition. This assertion contradicts Seventh Circuit caselaw on the issue. The Seventh Circuit has explained that "the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain" qualifies as an objectively serious medical condition. *Hayes v. Snyder,* 546 F.3d 516, 522–23 (7th Cir. 2008). The court has further noted that a condition is serious if, left untreated, will likely result in significant injury or unnecessary pain; it need not be life-threatening. *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010). Applying these standards, courts have held that a wide range of conditions, including specifically a dislocated finger, constitute serious medical needs. *Roy v. Elyea,* 631 F.3d 843, 861 (7th Cir. 2011).

Here Plaintiff has alleged a condition that meets the Seventh Circuit's definition: he alleges that the broken bone in his finger caused "extreme pain", swelling in his hand, and left him unable to move normally such that he was having difficulty dressing, showering, and eating. He also alleges that the delay in originally casting his pinky left it permanently deformed and painful even after his surgery. Accepting Plaintiff's allegations as true, which this Court must at this stage, Plaintiff has pleaded an objectively serious medical condition.

Defendant next argues that Plaintiff failed to plead that Defendant acted with deliberate indifference because Plaintiff did not plead that Defendant knew that Plaintiff's pinky finger was broken.

This argument misunderstands the nature of Plaintiff's allegations. Plaintiff claims that Defendant disregarded *the risk* that his finger injury was serious. A jail physician acts with deliberate indifference when he or she consciously disregards a "substantial risk of serious harm" to an inmate's health. *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 776 (7th Cir. 2014). Plaintiff specifically alleges that he told Defendant on repeated visits that he was in extreme pain and had limited mobility in his hand to the extent that he could not dress, shower, or eat as normal. These allegations plead the requisite knowledge on Defendant's part of *the risk* of a serious condition. *See Chavez v. Cady,* 207 F.3d 901, 906 (7th Cir.2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). Then, in response to Plaintiff's complaints, Plaintiff alleges that Defendant merely ordered him back to his cell, rather than provide him with any treatment, thereby ultimately failing to timely diagnose what turned out to be the broken bone. Such allegations, liberally construed, raise an inference of deliberate indifference at this stage. *See also Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012) (explaining that prison

officials may show deliberate indifference by delaying necessary treatment and thus aggravating an injury or needlessly prolonging an inmate's pain); *Townsend*, 759 F.3d at 689 (explaining that deliberate indifference also occurs when a treating physician consciously disregards a risk to an inmate's health).

Plaintiff's complaint will not be dismissed for lack of plausibility.

**D.     Sufficient Notice of Plaintiff's Claim**

Defendant also seeks dismissal on the ground that Plaintiff did not plead his claim in short, numbered paragraphs, as required by Rules 8 and 10, or alternatively asks this Court to order Plaintiff to provide a more definitive statement pursuant to Rule 12(e). The Court finds that neither dismissal under Rule 8 nor a more definitive statement is warranted.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The Rule reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotations omitted).

Federal Rule of Civil Procedure 12(e) states that defendants may move for a more definite statement when the complaint is "so vague or ambiguous that the party cannot prepare a response." Rule 12(e) motions are generally disfavored, and such motions are appropriate only

where the pleading "fails to specify the allegations in a manner that provides sufficient notice." *Malekpour v. LaHood*, No. 12 C 6999, 2012 WL 5996375, at *1 (N.D. Ill. Nov. 30, 2012) (quoting *Swierkiewicz v. Sorema* , 534 U.S. 506, 513-14 (2002)).

Here Plaintiff has provided Defendants with sufficient notice to respond to the complaint. While Plaintiff did not present his complaint in individual numbered paragraphs, he has provided a relatively brief (four pages) narrative describing the events underlying his complaint. The narrative is coherent, chronological, and focused generally on the relevant facts for a deliberate indifference claim. Plaintiff has provided Defendant and this Court with sufficient notice of the nature of his claim.

## Conclusion

Accordingly, for all the reasons discussed above, Defendants' motion to dismiss Plaintiff's complaint [20] is denied.


Date:   November 9, 2015                         _____/s/_____
                                                        Joan B. Gottschall
                                                      United States District Judge